# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **STEVE A. REED,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION FILE NO.** |
| v. | : | **1:02-CV-1710-JOF** |
| | : | |
| **FULTON COUNTY** | : | **[Magistrate Judge Baverman]** |
| **GOVERNMENT,** | : | |
| | : | |
| Defendant. | : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), and this Court's Local Rule 72.1(D)(2). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within ten (10) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983), *cert. denied*, 464 U.S. 1050 (1984).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this ___17[th]___ day of __February__, 2005.

        **ALAN J. BAVERMAN**
        **UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **STEVE A. REED,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | **1:02-CV-1710-JOF** |
| : | |
| **FULTON COUNTY** : | **[Magistrate Judge Baverman]** |
| **GOVERNMENT,** : | |
| : | |
| **Defendant.** : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Sanctions Requesting Dismissal of Plaintiff's Complaint. [Doc. 35]. For the reason set forth herein, the undersigned **RECOMMENDS** that Defendant's Motion be **GRANTED**.

Plaintiff initiated this action on June 20, 2002. [Doc. 1]. Defendants filed a motion to dismiss on July 18, 2002. On March 26, 2003, the District Court adopted the Report and Recommendation of the undersigned granting the motion to dismiss of several individually-named defendants but denying the motion to dismiss filed by Fulton County.[1] [Doc. 12].

---

[1] Plaintiff subsequently filed a separate action against those individuals under 42 U.S.C. §§ 1981 and 1983. *Steve Reed v. Victor Okereke, et al.*, Civil Action File

Fulton County filed a renewed motion to dismiss on April 21, 2003, and on September 30, 2003, the undersigned issued a Report and Recommendation, recommending denial of that motion. [Doc. 15]. Fulton County did not file any objections to that Report, but rather filed an answer on November 14, 2003. [Doc. 18].

On March 23, 2004, Defendant's attorney served Plaintiff with a notice of deposition, scheduling his deposition for March 31, 2004. [Doc. 23]. *See also* Affidavit of Sandreea L. Woods, ¶5. Plaintiff failed to appear for his deposition or to notify Defendant's attorney that he was not going to appear for that deposition. Woods Affidavit, ¶ 7. On April 19, 2004, Plaintiff agreed to appear for his deposition on April 26, 2004, and Defendant's attorney issued a second notice of deposition for that date. [Doc. 28]. Woods Affidavit, ¶ 12. However, on April 23, 2004, Plaintiff called to postpone the deposition because he said he had retained an attorney who needed time to review his case. Woods Affidavit, ¶ 12.

On April 29, 2004, Defendant's attorney served Plaintiff with a third notice of deposition scheduling his deposition for May 4, 2004. [Doc. 29]. Woods Affidavit, ¶ 16. That same day, Plaintiff called Defendant's attorney and said he would not be

---

No. 1:04-CV-1064-JOF.

attending the deposition because his agreement with his attorney had not worked out, but he had retained another attorney who needed time to review his case. Woods Affidavit, ¶ 17.

On May 4, 2004, Defendant filed a motion to compel Plaintiff's deposition. [Doc. 31]. Plaintiff failed to respond to Defendant's motion within the time provided under L.R. 6.1 and 7.1 B (N.D. Ga.).[2] On May 25, 2004, the undersigned granted Defendant's motion to compel and ordered Plaintiff to appear for his deposition within thirty (30) days. [Doc. 32].

On June 8, 2004, Defendant's attorney served Plaintiff with a fourth notice of deposition scheduling his deposition for June 22, 2004. [Doc. 33]. Woods Affidavit, ¶ 21. Plaintiff neither appeared for his deposition on that day nor advised Defendant's attorney that he did not intend to appear. Woods Affidavit, ¶ 22.

On July 1, 2004, Plaintiff filed a pleading entitled "Plaintiff's Response to Defendant's Deposition Request Motion." [Doc. 34]. According to that document, Plaintiff served Defendants' attorney with notice on June 24, 2004, that he was willing to appear for his deposition at either the office of attorney Wayman Sims or at

---

[2] Pursuant to L.R. 6.1 and 7.1B, Plaintiff's response to Defendant's motion to compel was due to be filed by May 21, 2004.

3

Goodwill Industries for a period of four hours only on June 30, 2004. *Id.* However, both Plaintiff's notice to Defendants' attorney and his proposed date of deposition were past the 30-day deadline set by the Court in its May 25, 2004 Order.

On July 2, 2004, Defendant filed its motion for sanctions, requesting dismissal of Plaintiff's complaint. [Doc. 35]. In support of that motion, Defendant submitted the affidavit of its attorney, Sandreea L. Woods, which set forth Defendant's numerous attempts to obtain Plaintiff's deposition and Plaintiff's refusal to cooperate. In response to Defendant's motion, Plaintiff filed a pleading entitled: "Plaintiff's Brief to Dismiss/Set Aside Defendant's Motion to Dismiss Plaintiff's Complaint and to Dismiss Defendant's Request for Sanctions/Summary Judgment." [Doc. 36]. Therein, Plaintiff repeatedly asserted that Defendant's attorney falsely stated the facts regarding Defendant's attempts to obtain his deposition. However, Plaintiff failed to specifically respond to or rebut any of the factual statements contained in Ms. Woods' affidavit.

The Court's docket confirms the fact that Defendant's attorney has noticed Plaintiff's deposition four times, the fourth time after this Court had ordered Plaintiff to appear for his deposition. [Docs. 23, 28, 29, 33]. By filing this lawsuit, Plaintiff has subjected himself to this Court's jurisdiction and he is required to comply with the Federal Rules of Civil Procedure as well as the Rules of this Court. Plaintiff is required

4

to participate in discovery and as a part of that discovery he is required to appear for his deposition. *See* FED.RS.CIV.P. 26 and 30. Plaintiff's repeated failure to appear for his deposition, and his failure to comply with this Court's May 25, 2004, Order, are both grounds for dismissal of his complaint.

A *pro se* litigant who ignores a discovery order should be subject to sanctions like any other litigant. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). A district court has broad authority under FED.R.CIV.P. 37 to control discovery by the imposition of sanctions, up to and including dismissal. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

In addition to the authority provided under Rule 37, a district court is also authorized to dismiss an action for failure to failure to prosecute or to obey a court order or federal rule. FED.R.CIV.P. 41(b). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice. Dismissal of a case with prejudice is considered a sanction

5

of last resort, applicable only in extreme circumstances." *Id.* (internal citations and quotations omitted).

Plaintiff failed to appear for his deposition on March 31, 2004, and failed to notify Defendant's attorney that he would not be there. Plaintiff again refused to appear for his deposition on April 26, 2004 and May 4, 2004. The Court entered an Order on May 25, 2004, requiring Plaintiff to appear for his deposition within thirty days. Defendant's attorney then noticed Plaintiff for his deposition on June 22, 2004. Plaintiff again failed to appear and failed to notify Defendant's attorney that he did not intend to appear.

Plaintiff's only argument in opposition to Defendant's motion is that he did not want to appear at Defendant's attorney's offices to give his deposition. The time for Plaintiff to have raised that issue would have been in his response to Defendant's motion to compel. However, Plaintiff did not respond to Defendant's motion to compel. Plaintiff was therefore required to comply with the Court's May 25, 2004, Order to appear for a deposition and Plaintiff has shown a "willful contempt" of this Court by his failure to comply.

AO 72A
(Rev.8/82)

Based on Plaintiff's past conduct, the Court has no reason to believe that if it again ordered Plaintiff to appear for a deposition that he would do so. Therefore, no lesser sanction than dismissal will suffice.

Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for Sanctions Requesting Dismissal of Plaintiff's Complaint [Doc. 35] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 17th day of February, 2005.

 
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)