IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE A. REED, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:02-CV-1710-JOF |
| FULTON COUNTY GOVERNMENT, : | |
| : | |
| Defendant. : | |

**ORDER**

This matter is before the court on Defendant'S motion to dismiss the complaint [35], the Report and Recommendation of Magistrate Judge Alan J. Baverman [40], Plaintiff's motion for the court to supervise a deposition [43], Plaintiff's objections to the Report and Recommendation [44], and Plaintiff's motion to set aside Defendant's motion for sanctions and dismissal of the complaint [46].

**I. Statement of the Case**

   **A. Procedural History**

Plaintiff, Steve A. Reed, filed suit on June 20, 2002 alleging discrimination based on race and national origin in violation of Title VII, as amended, 42 U.S.C. § 2000e *et seq*. Defendant filed a motion to dismiss on July 18, 2002. On March 26, 2003, this court granted

the motion to dismiss with regard to the individual defendants but denied the motion as regards Defendant Fulton County.[1]

**B. Facts**

On March 23, 2004, Defendant served Plaintiff with a notice of deposition, scheduled for March 31, 2004. Plaintiff did not appear, nor did Plaintiff notify Defendant of his intention not to appear. On April 19, 2004, Plaintiff agreed to appear for an April 26, 2004 deposition, and a second notice of deposition was noticed. Plaintiff called Defendant on April 23, 2004, however, to postpone the deposition due to his recent retainer of an attorney. A third notice of deposition was served on April 29, 2004, scheduling a deposition for May 4, 2004. Plaintiff called Defendant on April 29, 2004 to say he would not attend his deposition because his first attorney had not worked out, a second attorney had been retained, but that second attorney needed further time to review the case.

On May 4, 2004, Defendant filed a motion to compel Plaintiff's deposition. Plaintiff did not timely respond to that motion. Magistrate Judge Baverman granted the motion to compel on May 25, 2004 and ordered Plaintiff to appear for his deposition within thirty days. Plaintiff was served with a fourth notice of deposition on June 8, 2004, scheduling a June 22, 2004 deposition. Plaintiff neither appeared for the June 22 deposition nor informed

---

[1] A second motion to dismiss was filed by Defendant Fulton County on April 21, 2003 regarding Plaintiff's alleged failure to file a more specific statement of facts. Plaintiff had filed his statement of facts but had not served that document upon Defendant. Accordingly, this court adopted the Magistrate Judge's recommendation to deny that motion to dismiss.

AO 72A
(Rev.8/82)

Defendant of his intention not to appear. On July 1, 2004, however, Plaintiff filed a document called "Plaintiff's Response to Defendant's Deposition Request Motion" in which Plaintiff stated that he served Defendant's attorney with notice on June 24, 2004 that he was willing to be deposed at either attorney Wayman Sims' office or at Goodwill Industries for a four-hour period on June 30, 2004. Plaintiff's notice, and his proposed date of deposition, exceeded the thirty-day deadline established by Magistrate Judge Baverman's May 25, 2004 order.

Defendant filed the instant motion for sanctions on July 2, 2004, in which it requested dismissal of Plaintiff's complaint. An affidavit of attorney Sandreea L. Woods, attached to that motion, testified as to Plaintiff's refusal to cooperate with the numerous attempts to schedule and attempt a deposition. Plaintiff responded with a brief in opposition asserting that Defendant's attorney had falsely stated the facts regarding the deposition scheduling events. Plaintiff's brief, however, did not specifically respond to or rebut the factual statements contained in Ms. Woods' affidavit.

### C. Report and Recommendation

In his Report and Recommendation, Magistrate Judge Baverman noted that the docket evidenced Defendant's four attempts to conduct Plaintiff's deposition, the fourth attempt following the May 25, 2004 order directing Plaintiff to appear for a deposition within thirty days. Magistrate Judge Baverman noted that in filing the instant lawsuit, Plaintiff voluntarily subjected himself to the jurisdiction of this court and thus is required to comply with the

3

Federal Rules of Civil Procedure and the Local Rules of this court. Discovery is a necessary part of this case, and, as part of the discovery process, Plaintiff is required to appear for his deposition. Fed. R Civ. P. 26, 30. The Report and Recommendation then reasoned that Plaintiff's failure to appear for the deposition as well as his failure to comply with the order of the court are grounds for dismissal of the complaint.

The Report and Recommendation notes that a court has broad authority under Rule 37 to impose sanctions as a part of controlling discovery, up to and including dismissal. Fed. R. Civ. P. 37. A court also has the power under Rule 41(b) to dismiss an action for failure to prosecute a claim or to obey a court order or federal rule. Fed. R. Civ. P. 41(b).

Plaintiff did not appear for his depositions on March 31, 2004, April 26, 2004, and May 4, 2004, and further failed to appear for the fourth deposition on June 22, 2004, scheduled after the order of May 25, 2004. Magistrate Judge Baverman acknowledged that Plaintiff argued he did not want to appear at Defendant's attorney's offices for his deposition but reasoned that the proper time to have raised that issue was in Plaintiff's response to Defendant's motion to compel. As he did not raise this issue, Plaintiff was required to comply with the May 25, 2004 order; his failure to do so was wilful contempt. Magistrate Judge Baverman further found that, based upon Plaintiff's past behavior, Plaintiff would not appear for any future deposition. Accordingly, the Report and Recommendation recommends dismissal of Plaintiff's complaint, as no lesser sanction would suffice.

**D. Objection**

4

In his objection to the Report and Recommendation, Plaintiff argues that Magistrate Judge Baverman's May 25, 2004 order compelling his deposition was flawed, because that order did not specify a location or time for that deposition. Plaintiff further contends that the May 25, 2004 order was based upon false information provided by attorney Woods' affidavit. Plaintiff also argues that this deposition issue would be "moot" if this court would require the deposition to be held at a neutral site. Plaintiff contends this neutral site was contemplated in the April 6, 2004 Joint Motion and Proposed Consent Order.[2] As a great deal of the alleged discriminatory acts discussed in the complaint took place at the same site as defense attorney's office, Plaintiff contends his complaint put Defendant on notice that its offices were an unsafe environment for Plaintiff to enter. Plaintiff also contends that he notified Defendant that he would be available for deposition on March 20, 2004 or a reasonable time thereafter at a number of specified neutral sites. In a related case, *Reed v. Okereke*, 1:04-cv-1064-JOF, Defendant admitted it lost Plaintiff's mailing address from March 2004 through July 2004; Plaintiff argues this "lost address" proves that Defendant did not properly mail its second, third, and fourth notices to take Plaintiff's deposition, or motion to compel, to Plaintiff. Plaintiff also argues that he communicated to Defendant that he was available for deposition March 31, 2004.

---

[2]The record indicates that Defendant, unable to secure Plaintiff's consent to this motion, filed the motion on its own behalf. Plaintiff subsequently handwrote additional terms on that document. The court assumes that it is to these terms that Plaintiff refers. Defendant has indicated that it did not consent to the addition of these additional terms.

5

## II. Discussion

The court finds Plaintiff's objections to the Report and Recommendation lack merit. Plaintiff contends that the May 25, 2004 order of Magistrate Judge Baverman ordering Plaintiff to have his deposition taken within thirty days is somehow flawed because the order did not specify a time or location for the deposition. It is for the parties to a case, and not the court, however, to establish discovery arrangements. Accordingly, there was no error in the failure of the court to establish a time and/or location for Plaintiff's deposition in his order.

Plaintiff complains repeatedly about Defendant's failure to make arrangements for depositions to be held in a neutral site. As an initial matter, it appears from the letters from Defendant's counsel to Plaintiff, attached to its motion for sanctions and dismissal of the complaint, Defendant was willing to move the depositions to an alternate location, but Plaintiff did not respond to this invitation. Moreover, were negotiations with Defendant truly unavailing, the Federal Rules of Civil Procedure empower Plaintiff to seek a protective order in order to move his deposition to an alternate location. Plaintiff, however, made no such efforts. Accordingly, the court finds this objection also lacks merit.

Finally, Plaintiff contends that he did not receive proper notice of any of the deposition notices or a copy of the motion to compel because Defendants had lost his mailing address between March and July 2004. Given that Plaintiff contends he negotiated with Defendant to file a joint motion for extension of time in April 2004, the court finds it difficult to credit this allegation. Moreover, the docket reflects that Defendant mailed its notices to the address

6

listed as the court's address of record. The court finds this issue of fact to be immaterial, however, as there is no dispute that Plaintiff received a copy of Magistrate Judge Baverman's May 25, 2004 order. There is further no dispute that Plaintiff never sat for a deposition within the thirty days provided by that order. While Plaintiff contends that he never received Plaintiff's fourth notice of deposition, due to the aforementioned mailing address error, the court finds this is irrelevant. The May 25, 2004 order ordered Plaintiff to appear to have his deposition taken. The order clearly places the burden of ensuring that a deposition occurred on Plaintiff. As noted in the Report and Recommendation, this court may dismiss a complaint for a party's failure to comply with an order of the court. This power exists separate and apart from the court's power under Rule 37 to impose discovery sanctions. Accordingly, even if Plaintiff's allegations regarding the mailing address were accepted as true, an independent ground exists to dismiss Plaintiff's complaint in his failure to obey a court order. Thus, the court finds Plaintiff's objection to be without merit.

Plaintiff has also filed a motion to set aside Defendant's motion for dismissal and sanctions, which effectively is a second set of objections to the Report and Recommendation. Plaintiff reiterates his allegations that Defendant mailed documents to an incorrect address and that he could not attend depositions scheduled at a dangerous site, as well as an allegation that documents are missing from the docket. The first two allegations were disposed of above. As to the latter allegation, the court believes it has the full and complete docket before it. Plaintiff makes references to missing documents from the docket but has not explained

with particularity what those missing documents might be. For all the reasons described above, the court overrules Plaintiff's objections and adopts the Report and Recommendation.

Plaintiff has filed a motion for this court to supervise his deposition. As discussed above, Plaintiff has abused the discovery process by repeatedly failing to appear for scheduled depositions, even after being ordered to do so by the court. Given this court's decision to adopt the Report and Recommendation and dismiss Plaintiff's complaint, the court denies as moot Plaintiff's motion to supervise his deposition.

**III. Conclusion**

The court OVERRULES Plaintiff's objections to the Report and Recommendation [44], DENIES Plaintiff's motion to set aside the motion for sanctions [46] and hereby ADOPTS the Report and Recommendation of the Magistrate Judge as the order of this court. Defendants' motion for sanctions and to dismiss the complaint [35] is GRANTED. Plaintiff's motion for the court to supervise a deposition [43] is DENIED AS MOOT.

**IT IS SO ORDERED** this 4th day of March 2005.

                                                   s/ J. Owen Forrester
                                                      J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)