IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE A. REED, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:02-CV-1710-JOF |
| FULTON COUNTY GOVERNMENT, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for leave to add exhibits [73].

Plaintiff, Steve A. Reed, sued Fulton County for discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. Magistrate Judge Baverman issued a Report and Recommendation finding Plaintiff to be in wilful contempt of his May 25, 2004 order directing Plaintiff to appear for a deposition within thirty days of that order and directing dismissal of his suit under Rules 37 and 41 of the Federal Rules of Civil Procedure. This court adopted that Report and Recommendation on March 4, 2005. Plaintiff subsequently filed a number of motions seeking reconsideration, which this court denied on May 9, 2005. In the interim, Plaintiff had filed the instant motion for leave to add exhibits on April 25, 2005. Plaintiff's proposed exhibits consist in a description of the conversations Plaintiff had with Defendant's counsel

AO 72A
(Rev.8/82)

regarding the scheduling of a deposition, a brief in support of previously filed and ruled-upon motions, and a complaint about missing items not scanned into the court's docket.

As this court had already dismissed Plaintiff's claims on the basis of his wilful refusal to submit to a deposition or to obey an order of this court, Plaintiff's exhibits do not have any impact upon the order and judgment of this court. Moreover, consideration of any new evidence not shown to be newly-discovered would have been inappropriate in a motion to reconsider. *See Deerskin Trading Post, Inc. v. United Parcel Serv.,* 972 F. Supp. 665, 674 (N.D. Ga. 1997) (Hull, J.) (holding that a motion for reconsideration is an extraordinary remedy and should only be granted when there is discovery of new evidence, an intervening change in controlling law, or a need to correct clear error). Finally, the court was already familiar with the facts and arguments alleged in the proposed exhibits. For all these reasons, the court DENIES Plaintiff's motion for leave to add exhibits [73].

**IT IS SO ORDERED** this 14th day of October 2005.

                                               s/ J. Owen Forrester
                                               J. OWEN FORRESTER
                                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)